UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN JAY S. ARNOLD, IV,

                              **Plaintiff,**

                      v.                            1:17-CV-1277 (FJS/DJS)

NAVIENT SOLUTIONS, LLC,

                              **Defendant.**

---

**APPEARANCES**                             **OF COUNSEL**

**JOHN JAY S. ARNOLD, IV**
60 State Street, Apt 5C
Albany, New York 12207
Plaintiff *pro se*

**STRADLEY RONON STEVENS**          **JACQUELINE M. AIELLO, ESQ.**
**& YOUNG, LLP**
100 Park Avenue, Suite 2000
New York, New York 10017
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

John Jay Arnold, IV ("Plaintiff") brings this action against Navient Solutions, LLC ("Defendant") seeking injunctive relief.[1] There are currently two motions pending before the

---

[1] Specifically, Plaintiff is seeking (1) an order compelling Defendant to contact the various credit reporting agencies to request the removal of its reported delinquencies; (2) copies of his

Court. Plaintiff has moved to remand this matter to Albany County Supreme Court pursuant to 28 U.S.C. § 1447(c).[2] *See* Dkt. No. 9. Defendant has moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

## II. BACKGROUND

Plaintiff[3] is an attorney duly licensed to practice law in the State of New York and is a resident of the city of Albany. Defendant is a foreign limited liability company registered in New York, formed in 2014 when Sallie Mae split into two distinct entities, and whose operations include servicing and collecting on student loans.

Between July 2000 and September 2001, Plaintiff signed three separate private student loan promissory notes ("Private Loans"). In December 2002, Plaintiff executed a Federal Consolidation Loan Application and Promissory Note ("Federal Loan"). Defendant serviced both the Private Loans and the Federal Loan. In April 2013, Plaintiff ceased making payments on both the Private Loans and the Federal Loan. As a result, Defendant reported the delinquencies to three major credit reporting agencies ("CRAs") – Equifax, Transunion, and Experian – which resulted in Plaintiff's credit score being negatively affected.[4]

---

promissory notes; (3) an order precluding Defendant from reporting any further damaging reports to credit reporting agencies; (4) an order precluding Defendant from contacting Plaintiff directly by any means other than e-mail as he requested; and (5) an order precluding Defendant from transferring the ownership interest in Plaintiff's promissory notes.

[2] Plaintiff originally commenced this action in New York State Supreme Court, Albany County. On November 20, 2017, Defendant removed the state-court action to this District.

[3] Plaintiff refers to himself as Plaintiff-Petitioner or Petitioner because he originally filed this matter in state court as an Order to Show Cause with Petition for Injunctive Relief.

[4] On June 18, 2015, Plaintiff entered into a settlement agreement to resolve the delinquencies for the Private Loans. A settlement was not reached for the delinquent Federal Loan.

On September 18, 2017, Plaintiff entered into a contract to purchase residential real property located in Chemung County, New York. However, due to his poor credit score, Plaintiff was unable to obtain a residential home loan to purchase said property. Upon review of his consumer credit report, Plaintiff discovered that Defendant had reported the three Private Loans and the Federal Loan as four separate delinquencies, which resulted in a lower credit score. Plaintiff asserts that, although he has settled the Private Loans, Defendant wrongfully reported them as delinquent loans to the various CRAs. Plaintiff further alleges that Defendant has denied all requests to amend the reports to reflect that the loans were settled and, thus, no longer delinquent. Therefore, Plaintiff brought this lawsuit alleging violations of New York General Business Law § 349.

### III. DISCUSSION

**A. Plaintiff's motion to remand**

A plaintiff may bring a motion to remand to challenge removal of an action from state court to federal court. *See* 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," otherwise such defects are waived. *Id.* Moreover, "[i]t is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, on a motion to remand, the party seeking to sustain the removal bears the burden of demonstrating that removal was proper. *See id.; see also Wilds v. UPS, Inc.,* 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quotation and other citation omitted). If that burden is not

met, the court must remand the case to state court. *See Wilds,* 262 F. Supp. 2d at 171 (quotation omitted).

As stated, in the present matter, Plaintiff seeks injunctive relief against Defendant for the allegedly negative reports it provided to various CRAs. In his petition, Plaintiff sought said relief pursuant to N.Y. Gen. Bus. Law § 349. Thereafter, Defendant removed the case to this District on the ground that these claims raise federal questions that are exclusively covered under the Fair Credit Reporting Act ("FCRA"). Plaintiff now moves to remand, arguing that Defendant improperly removed this action because no federal question exists.

Although Plaintiff attempts to make his claims under N.Y. Gen. Bus. Law § 349, the Court finds that his claims fall exclusively within and are preempted by the FCRA. *See Macpherson v. JPMorgan Chase Bank, N.A.,* 665 F.3d 45, 47 (2d Cir. 2011). The FCRA was enacted in 1970 "'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (quotation omitted); *see also* 15 U.S.C. § 1681(b). Under the FCRA, CRAs collect consumer credit data from furnishers of information, such as banks and other lenders, and organize it into credit reports, which commercial entities use to assess a particular consumer's creditworthiness. *See* 15 U.S.C. §§ 1681a(d); 1681(b).

Normally under the well-pleaded complaint rule, "'the party who brings a suit is master to decide what law he will rely upon,'" and a plaintiff may avoid federal jurisdiction by pleading only state claims even where a federal claim is also available. *Pan Am. Petroleum Corp. v. Superior Ct. of Del. in & for New Castle Cty.,* 366 U.S. 656, 662-63 (1961) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 411, 57 L. Ed 716 [(1913)]); *see also*

*Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir. 1998). However, as a corollary to the well-pleaded complaint rule, the "artful pleading rule" prevents a plaintiff from avoiding removal by omitting necessary federal questions from his or her pleadings. *Romano v. Kazacos*, 609 F.3d 512, 518-19 (2d Cir. 2010) (quotation omitted). Furthermore, the "complete pre-emption" doctrine provides that, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

Pursuant to the FCRA, "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F); *see also Macpherson*, 665 F.3d at 47. Moreover, the Second Circuit has held that courts should read the phrase "no requirement or prohibition" literally and broadly to encompass both state statutory and common law. *See Macpherson*, 665 F.3d at 47-48.

Here, Plaintiff's allegations concern Defendant's responsibilities as a furnisher, including both reporting accurate information and complying with obligations to investigate disputed debts; therefore, the FCRA preempts these claims. *See Macpherson,* 665 F.3d at 47.[5] Accordingly, the Court denies Plaintiff's motion to remand.

---

[5] Plaintiff also asserts that the Court should remand this case because Defendant had previously availed itself of New York state courts, but this argument is meritless. There is no case law that would require remand simply because a defendant had been a party to a previous action in state court.

**B. Defendant's motion to dismiss for failure to state a claim**

A motion to dismiss pursuant to Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint." *Goel v. Bunge, Ltd.,* 820 F.3d 554, 558 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 155 (2d Cir. 2006)). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Elias v. Rolling Stone LLC,* 872 F.3d 97, 104 (2d Cir. 2017) (quotation omitted). "'The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. (quotation omitted).

Under 15 U.S.C. § 1681s-2(a), furnishers of information are prohibited from reporting information to a CRA if the furnisher has actual knowledge (or consciously avoids knowing) that the information is inaccurate. *See* 15 U.S.C. § 1681s-2(a). However, there is no private right of action under 15 U.S.C. § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(d). Although there is a private right of action under 15 U.S.C. § 1681s-2(b), to state such a claim, the plaintiff must allege that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" *Markovskaya v. Am. Home Mortg. Servicing, Inc*., 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012) (quotation omitted). Plaintiff has not alleged facts to suggest that any CRA sent notice to Defendant of a credit dispute; and, therefore, the Court must dismiss his claims.

Alternatively, Plaintiff has not alleged any facts to support his claims that Defendant's reporting was improper. The FCRA requires furnishers of information to correct "incomplete or inaccurate" information in the possession of the CRA. *See* 15 U.S.C. § 1681s-2(b)(1)(D). Plaintiff's current consumer credit report lists both the Private Loans and the Federal Loan as

"derogatory accounts." Under each of the three Private Loans, Defendant reported that the account was "paid off but for less than the full balance." Under the Federal Loan, Defendant reported that the "consumer disputes this account." Based on the pleadings, this information appears to be accurate. As both parties concede, the Private Loans were settled for an amount less than what Plaintiff owed, and the parties never settled the Federal Loan. Additionally, as Defendant asserts and pursuant to 15 U.S.C. § 1681c(a)(4), these delinquencies are reportable because they occurred within the required seven-year timeframe. *See* 15 U.S.C. § 1681c(a)(4) (prohibiting CRAs from "mak[ing] any consumer report containing any of the following information . . . (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years."). For all of the above-stated reasons, the Court grants Defendant's motion to dismiss.[6]

### IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand, *see* Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to dismiss, *see* Dkt. No. 6, is **GRANTED**; and the Court further

---

[6] The Court also notes that Plaintiff seeks only injunctive relief in this action. Although the FCRA explicitly provides for money damages in private actions, it does not provide for injunctive relief. *See* 15 U.S.C. §§ 1681n, 1681o.

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: December 19, 2018
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Judge